SALVATORE PESCE vs. GENNAIO MONDARE.

JANUARY 13, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *New Action After Expiration of Period of Limitation. Nonsuit.*
C. P. A. § 256, providing that, if any action duly commenced within the time limited for bringing the same shall be abated or otherwise avoided or defeated by the death of any party thereto, *or for any matter*, etc., the plaintiff may commence a new action at any time within one year after the determination of the original suit, includes all actions which have been abated, avoided, or defeated without a trial on the merits, and hence includes a termination by involuntary nonsuit.

TRESPASS. Heard on certification under C. P. A. § 478.

BLODGETT, J. This case has been certified, under § 478, C. P. A., from the District Court of the Sixth Judicial District, for determination of the following question of law, raised by the defendant's demurrer to the plaintiff's replication, viz.: "After termination of an action which has been duly commenced within the time allowed for beginning same, which termination was by involuntary non-suit, upon motion of the defendant, at the conclusion of the plaintiff's testimony, may a new action for the same cause be brought within one year after such non-suit, under Section 256, Chapter 13, of the Court and Practice Act, although the time allowed for commencing action originally has expired?"

The plaintiff instituted suit against the defendant in the District Court of the Sixth Judicial District, by writ, dated October 8th, 1909, for personal injuries alleged to have been received from a dog-bite, on March 11th, 1905, about four and one-half years prior to the date of his writ. The defendant pleaded the statute of limitations for personal injuries, the same being two years. The plaintiff filed a replication averring that an action for the same cause had been duly commenced within two years from the date of said injuries, to wit, on January 24th, 1906; that on October 5th, 1909, the plaintiff in this action was nonsuited, upon motion of the defendant, at the conclusion of his

testimony, and against the plaintiff's objection, and that afterwards, to wit, on October 8th, 1909, within one year after said nonsuit, the present action was brought, as he was permitted to do by section 256, chapter 13, of the Court and Practice Act, reading as follows: "If any action, duly commenced within the time limited and allowed therefor in and by this chapter, shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, or if, after verdict for the plaintiff, the judgment shall be arrested, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit as aforesaid; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence said new action within the said one year." The defendant demurred to this replication, on the ground that it does not appear in the statute referred to that a nonsuit is included.

While the statute does not in terms refer to a nonsuit, it is equally silent on the many other ways in which an action may be abated, avoided, or defeated, and the omission to specify a nonsuit is no more significant than the omission of other endings to actions which are held to be included. In fact, so general and broad is the language used that it is clear that any action duly commenced which has been abated, avoided, or defeated for any matter, or for any reason whatever other than a determination on the merits (to which latter, of course, the statute has no reference), may be commenced over again within one year, for the same cause.

(1)     That the statute in question includes all actions which have been abated, avoided, or defeated without a trial on the merits is not only the reasonable inference from the nature and wording of the statute itself, but it has been so expressly construed in the case of *Taft & Co.* v. *Daggett,* 6 R. I. 266. In this case this court said, on page 271: "But more than this, the 8th section of chap. 177 of our Revised Statutes" (which is identical in its provisions with § 256, C. P. A. *supra*) "expressly allows and limits the period of one year, after the abatement, avoidance or defeat, 'for any matter' of an action commenced within

the period of general limitation, within which, though beyond that period, a new action may be commenced for the same cause. By this plain and comprehensive provision, applicable to every action commenced within time, which, without coming to the merits, has been defeated or avoided, our legislation has recognized, as far as was deemed proper, the policy of the English practice, as well as provided for other cases not reached by it." In view of the interpretation thus placed upon this statute by our court, if a nonsuit be not a determination on the merits, it is clearly included. In *Eaton* v. *Chapin*, 7 R. I. 408, the first suit abated because of inability to serve the writ; and this court held that the second suit was seasonably brought within one year after such abatement, though beyond the original period provided by the statute. In this case the court cited, with approval, *Woods et al.* v. *Houghton*, 1 Gray, 580, as follows: "Where the (first) writ was returnable to the court of one county the defendant residing in another, and the suit was accordingly, upon motion, dismissed for want of jurisdiction, this (second) action was held to be duly commenced within the meaning of the Massachusetts statute of limitations." To the same effect is *Clarke* v. *Farnum*, 7 R. I. 519. That ordinarily a nonsuit, whether enforced or voluntary, is no bar to a subsequent action has been determined by this court in *Robinson* v. *Merchants' & Miners' Transportation Co.*, 16 R. I. 637.

The question certified is answered in the affirmative, and the papers in the case will be sent back to the District Court of the Sixth Judicial District, with the decision of this court certified thereon, for further proceedings.

*Cooney and Cahill*, for plaintiff.

*Joseph H. Gainer*, for defendant.