SUSAN E. CHAPIN *vs.* MARDIROS M. STONE.

MAY 19, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Petition for New Trial within One Year After Verdict.    Newly Discovered Evidence.*

Under the provisions of Gen. Laws, 1909, cap. 297, § 2, newly discovered evidence cannot be alleged as a ground for a new trial.

(2)    *Petition for New Trial Within One Year After Verdict.    Allegation of Grounds.*

An omnibus petition under the provisions of Gen. Laws, 1909, cap. 297, § 2, upon the ground that petitioner "did not have a full, fair, and impartial trial in said cause," is deficient.

PETITION FOR NEW TRIAL under Gen. Laws, 1909, cap. 297, § 2.    Dismissed.

Dubois, C. J. The defendant has filed his petition for a new trial in the words following:

"Now comes the above named defendant, Mardiros M. Stone, of the City and County of Providence, in the State of Rhode Island, and shows that in the above entitled cause, wherein in the Superior Court sitting within and for the Counties of Providence and Bristol a verdict was rendered for the above named plaintiff, Susan E. Chapin, also of said Providence, in the sum of five hundred dollars, and this Court having overruled the defendant's bill of exceptions and judgment having been entered thereon, and within one year after said verdict files this his petition for a new trial in said cause upon the following grounds:

"1st. That he did not have a full, fair, and impartial trial in said cause.

"2nd. That he has discovered new and material evidence, which evidence was not and could not be known to him at the time of the trial of said cause, as fully set forth in affidavits now filed and to be filed herewith."

(1) This petition is evidently brought under the provisions of General Laws, 1909, cap. 297, § 2, which reads as follows: "A party or garnishee in any action or proceeding in the superior court in which a trial has been had which was not full, fair, and impartial, may at any time within one year after verdict or decision petition the supreme court for a new trial; and the supreme court, may, with or without terms, order a new trial in the superior court," which forms a basis for the first ground of his petition.

The second ground, viz.: newly discovered evidence, is inappropriate, and under section two cannot be considered.

The petition does not disclose wherein the trial that he had was otherwise than full, fair, and impartial. In the case of *Campbell* v. *Campbell*, 29 R. I. 428, which was a petition brought under C. P. A., § 472, which was the predecessor of the present statute under consideration, the petitioner gave the reason why he claimed he did not have a full, fair, and impartial trial in the Superior Court, but as the conduct of the court of which he

complained was subject to exception the relief he sought was denied him.

(2)    The filing of an omnibus petition of this kind is not to be encouraged.   It resembles the charge, sometimes included in divorce petitions, of gross misbehavior and wickedness, concerning which in the case of *Brown* v. *Brown*, 2 R. I. 381, the syllabus reads as follows:   "A petition for divorce is sufficiently specific, if it states the grounds of divorce in the language of the statute, except where the petitioner relies upon a charge of gross misbehavior and wickedness repugnant to and in violation of the marriage contract, in which case, the acts relied upon to make out the charge must be specified."

The petition being deficient in this respect must be denied and dismissed.