STATE *vs.* GEORGE KEMP.

JUNE 24, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Criminal Law.   New Trial.   Newly Discovered Evidence.*

On a motion for new trial on the ground of newly discovered evidence in a criminal matter, where some of the affidavits show cumulative evidence not of a controlling character; others, evidence merely tending to impeach the testimony of a witness and others, evidence inadmissible as hearsay, two of the affiants having been witnesses and others referred to in the record and there being no adequate explanation for their not being called as witnesses, no sufficient ground is shown for granting the motion.

*(2)   Criminal Law.   New Trial.*

In a criminal cause a claim that defendant " did not have a fair and impartial trial" is inappropriate in a motion for a new trial.

*(3)   Criminal Law.   Bills of Exceptions.   New Trial.   Prejudicial Error.*

On a bill of exceptions in a criminal cause the court cannot consider whether the charge of the court was prejudicial to the defendant where the question is not presented by the bill.

Gen. Laws, 1909, cap. 297, § 2, furnishes a remedy for a person who has not
had a full fair and impartial trial, although a petitioner under that section
must show something more than mere error on the part of the court, which
would furnish the subject of an exception.

INDICTMENT. Heard on exceptions of defendant and
overruled.

BAKER, J. This is an indictment for an assault with
intent to kill one Albert C. Hall on the 27th day of Septem-
ber, 1912. The case was tried in February, 1913, and the
defendant was found guilty of an assault with a dangerous
weapon. The defendant filed a motion for a new trial
assigning as grounds therefor (1) "that he did not have a full,
fair and impartial trial," (2 and 3) that the verdict was
against the evidence and the weight thereof, and (4) newly
discovered evidence. In support of the last ground nine
affidavits were filed. The motion was denied and defendant
excepted to the decision and the case was brought to this
court on his bill of exceptions.

The bill contains five exceptions, the first four taken to
the exclusion of offered testimony and the fifth to the denial
of the motion for a new trial. Since the trial in the Superior
Court and before the hearing here, the attorney who appeared
for the defendant at the trial has died and the defendant has
been represented here by counsel who did not in any way
participate in the trial below.

In the hearing before this court not one of the exceptions
included in the bill has been pressed. They may therefore
properly be treated as waived. As, however, this is a
criminal case of gravity we have examined the record and
considered the exceptions.

The first four exceptions are we think without merit.

Referring to the fifth exception and as to the second and
third grounds of the motion, we have read the transcript of
the testimony with care. It is not disputed that the defend-
ant shot at and hit Hall at close range, at least four times,

with a 32 caliber revolver. One bullet has been removed and two others have been located in Hall's body, but have not been removed. The defendant claims that the shooting was done in self-defence. From our examination of the transcript we are of the opinion that the jury could properly render the verdict they did.

(1)     As to the fourth ground of the motion, newly discovered evidence, an examination of the affidavits shows that some of this evidence is cumulative and not of a controlling character, that some of it merely tends to impeach the testimony of a witness and that some of it is apparently inadmissible as hearsay.

Two of the affiants were witnesses at the trial and two of the others are referred to in the record and there is no adequate explanation for their not being called as witnesses.

The affidavits furnish insufficient ground for granting the motion. See *State* v. *O'Brien*, 7 R. I. 336; *Heaton* v. *Manhattan Fire Ins. Co.*, 7 R. I. 502; *Jones* v. *N. Y., N. H. & H. R. R. Co.*, 20 R. I. 210; *Blake* v. *Rhode Island Co.*, 32 R. I. 213; *Chapin* v. *Stone*, 32 R. I. 309.

In *State* v. *Papa*, 32 R. I. 453, 457, this court held that a claim by a party "that he did not have a fair and impartial trial of the case in the Superior Court" is inappropriate in a motion for a new trial. And as already appears, on none of (2) the grounds properly stated in the motion do we find that the trial judge erred in denying the motion for a new trial.

The defendant really relies in his claim for a new trial upon two questions not raised by his bill of exceptions, but attempted to be raised here in the first instance, namely: (1) "Whether in criminal cases where the charge is shooting with intent to kill, the omission of the trial judge to charge the jury that defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, to which omission defendant does not except, can be a ground for a new trial, the court having charged that the state must prove its case beyond a reasonable doubt?" (2) "Is the charge given to the

jury by the justice presiding at the trial in the Superior Court prejudicial to the defendant in matters other than the omission to charge the presumption of innocence?"

(3)    If these questions are properly raised, they are of interest and importance. The defendant cites cases in other jurisdictions, where, particularly in criminal cases involving capital punishment, and occasionally in other criminal cases of gravity, where the punishment may be severe, courts have reviewed improper or incomplete instructions prejudicial to an accused, although no exception had been taken. Most of the cases cited, however, were before the appellate court on writ of error or appeal, under which the questions were being considered in manner provided by law.

There are a few cases where apparently in the absence of prescribed statutory procedure an appellate court in the exercise of its "general superintending power and control over all inferior courts" when convinced "that a fair trial has not been had" and "that injustice has been done" has ordered a new trial. See *People* v. *Murray*, 72 Mich. 10, 15. But under Section 22 of Chapter 298 of the General Laws, it becomes the duty of this court "after deciding the questions presented in a bill of exceptions" to remit the cause to the Superior Court. The implication is clear that in such a proceeding this court is only to consider the questions presented by the bill.

We hold, therefore, that on the record presented we cannot consider the two questions referred to and stated above, because they are not properly before us.

Section 2 of Chapter 297 of the General Laws is designed to furnish a remedy for a person who has not had a full, fair and impartial trial by providing for a petition "within one year after verdict" to this court for a new trial, which it is empowered to grant with or without terms. In *State* v. *Papa*, *supra*, p. 457, it is held that this remedy in such a case is exclusive. But it is to be remembered that a petitioner for a new trial under said Section 2, on the ground that the former

trial was not full, fair and impartial, in order to make a case, must show something more than mere error on the part of the court, which would form the subject of an exception. Unless there be something more than that, to grant a new trial under the provisions of Section 2 would practically do away with the procedure provided by Chapter 298 of the General Laws for bringing cases here on bills of exception. *Bristow* v. *Nichols*, 19 R. I. 719; *Campbell* v. *Campbell*, 29 R. I. 428. See, also, *Sarle* v. *Arnold*, 7 R. I. 582, 587; *Hamilton* v. *Hamilton*, 10 R. I. 538, 542; *Chapin* v. *Stone*, 32 R. I. 311.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Abbott Phillips, Assistant Attorney General,* for State.
*Bliss & Walsh,* for defendant.