LEVIA CALCAGNI *et al. vs.* ANTONIO CIRINO.

DECEMBER 8, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a petition praying for a new trial of the above-named equity cause on the ground of newly discovered evidence which allegedly was not available for the hearing in the superior court because of accident, mistake or unforeseen cause.  The petition purports to have been brought under the provisions of general laws 1923, chapter 347, sec. 3 and was filed while the complainants' appeal in the same cause was pending in this court.

The petition was accompanied by certain affidavits setting out the alleged newly discovered evidence relied upon in support thereof and the respondent has filed counter affidavits.  The petition and the petitioners' appeal from the decree entered in the equity cause were heard together in this court.  The complainants' appeal in that cause was decided by our opinion in *Levia Calcagni et al* v. *Antonio Ci-*

*rino et al,* Equity No. 1400, filed December 8, 1938, 62 R. I. 44. The only real respondent in the above-named equity cause, Antonio Cirino, and the respondent in this petition are one and the same.

The petitioners here allege that their petition for a new trial in equity is authorized by virtue of G. L. 1923, chap. 347, sec. 3. That section reads as follows: "When any person is aggrieved by any order, decree, decision or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

They further contend that through accident, mistake or unforeseen cause they were unable to obtain in time for the hearing in the superior court the evidence which is set forth in these affidavits. The respondent contends substantially that the statute in question does not contemplate the granting of a new trial in an equity cause but that such relief is intended to apply only to actions at law; that a party in equity who otherwise has brought himself within the terms of this section of the statute may obtain, under this statute, merely the right to claim or prosecute an appeal, but not a motion for a new trial; and that, even if the petitioners are considered to be properly before this court under the existing circumstances, their affidavits fail to show such newly discovered evidence or such accident, mistake or unforeseen cause as would justify the granting of a new trial in an equity cause which has been decided after a fair hearing in the superior court, and upon which the complainants have had all the benefit of an appeal.

We are of the opinion that the respondent's contentions are sound. The statute in question does not contemplate a promiscuous interchanging of procedure in law and in equity. While the terms of this section provide relief in certain cases to parties in equity causes as well as to parties in law actions, the general assembly did not intend to mix the proceedings that are peculiar to law with other proceedings which are appropriate only in equity, or vice versa.

In our opinion, this section should be construed reasonably and in the light of this difference between procedure in equity and at law which is well established by our statutes and settled practice thereunder. So construed, it provides the conditions under which a party in equity who had failed, for any of the reasons set forth in the statute, to claim or prosecute his appeal in time, may petition this court for permission to claim or prosecute such an appeal out of time; and also provides the conditions under which a party in a law action may file or prosecute a bill of exceptions, or motion, or petition for a new trial.

In our opinion the general assembly by the language in this statute did not intend to authorize the filing of a petition or motion for a new trial in an equity cause that had been heard and determined any more than it intended to permit the filing of a petition for the right to claim an appeal in a law action. In the instant cause, the complainants had duly claimed and prosecuted their appeal, which was pending in this court when this petition was filed. The petitioners, therefore, have had all the benefit to which they would have been entitled under this statute.

We have examined the authorities presented by the petitioners and none of them supports their contention. They are entirely in harmony with the view we have expressed.

For the reasons stated the petition is denied and dismissed.

*J. Raymond Dubee,* for petitioners.

*Benjamin Cianciarulo,* for respondent.