LEVIA CALCAGNI *et al. vs.* ANTONIO CIRINO *et al.*

DECEMBER 8, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity praying that the respondent Antonio Cirino be declared to hold certain real estate in the city of Providence in trust for the benefit of the complainants and also that he be required to account for the rents and profits accruing from that property. After a hearing in the superior court on bill, answer and evidence, a decree was entered denying such relief as to the only parcel

of improved real estate in question, but granting the relief and the accounting in connection with the eight, unimproved lots of land. The cause is before us solely upon the complainants' appeal from this decree.

The complainants are the surviving minor children and the husband of Annie Cirino Calcagni, late of Providence, deceased. The respondent Antonio Cirino is the brother of Annie Cirino Calcagni, they being the only children of Liberato and Filomena Cirino. The respondents Michele Coletta and Carolina Coletta were added as parties merely because they were the grantees in a deed executed by Antonio Cirino, conveying to them four of the eight unimproved lots. For this reason reference hereinafter to the respondent will mean only Antonio Cirino.

Filomena Cirino, the mother of Annie Cirino Calcagni and the respondent, died testate on July 20, 1914 and Liberato Cirino, their father died intestate on May 12, 1936. Annie Cirino Calcagni, mother of the complainant children, died intestate on February 28, 1928.

It appears in evidence that Liberato and Filomena Cirino were the owners, as tenants in common, of certain improved real estate located at 114 Vinton street in Providence and of eight other, unimproved lots of land situated in another section of that city. Liberato also owned, by purchase in his own right and name, certain other improved real estate located at 108 Vinton street. Upon the death of Filomena Cirino in 1914, her undivided half interest, as a tenant in common, in 114 Vinton street and also in the eight unimproved lots was devised by her will to her husband Liberato Cirino for life, with the remainder over to their children Annie Cirino Calcagni and Antonio Cirino, share and share alike. Her will was duly probated in Providence.

On August 13, 1920, Annie Cirino Calcagni and her husband Peter, who is one of the complainants, joined with the respondent and Liberato Cirino in executing a deed conveying the property at 114 Vinton street to a purchaser named

Lauro. Apparently the net proceeds from this sale were first placed in the bank for the benefit of Liberato during his life and they later were distributed by the respondent after his sister's death. To effect this he established separate bank accounts in the name of each minor child of his sister respectively in an amount equal to the proportionate share of each in the net proceeds from the sale.

In 1924 Liberato Cirino, who then owned in his own right the realty at 108 Vinton street, conveyed by deed to the respondent all his interest in this property. Liberato, who also owned an undivided half interest in the eight unimproved lots, as well as a life estate in the other half thereof by virtue of a devise in his wife's will, quitclaimed in 1934 all his interest therein to the respondent. Apparently the respondent recognized that the complainant children had inherited definite interests in the lots in question from their mother, and he continued to hold and care for these lots with the intention of ultimately giving to the children their respective interests upon repayment to him of some or all of their shares of the taxes and other assessments, which he had paid since 1905.

This intention was brought by the respondent to the attention of Peter Calcagni, father of the children. Upon the latter's failure or refusal to make any contribution toward such expenditures on the lots, the respondent refused to continue longer to pay any of the taxes thereon and allowed them to become delinquent, and the lots to be sold by the city for unpaid taxes. On February 25, 1937, the city sold the lots to his attorney, who later executed a deed dated March 31, 1937 conveying them back to the respondent, whose money had been used to purchase the lots at the sale. This latter deed was recorded May 11, 1937.

The bill of complaint as to the improved realty is based essentially upon the allegation that Liberato Cirino expressly and orally agreed in 1920 to make a will devising, subject to payment of his debts and funeral expenses, the

property at 108 Vinton street to Annie Cirino Calcagni and the respondent, share and share alike, if they and Peter Calcagni would join in the deed conveying the other premises at 114 Vinton street to the purchaser Lauro.

The complainants contend substantially that the above-named persons joined in that deed but that, instead of making such a will, Liberato later transferred by two deeds his property at 108 Vinton street and his interest in the eight lots to the respondent; that by virtue of the alleged agreement Annie Cirino Calcagni and the respondent were entitled to have respectively undivided half interests in the property at 108 Vinton street, and in the eight unimproved lots in question; that the complainant children inherited Annie Cirino Calcagni's share upon her death; and that the respondent, who was a party to the alleged agreement, therefore held an undivided half interest in all the property in trust for the benefit of the complainants.

The trial justice divided his decision into two parts. In relation to the improved real estate at 108 Vinton street, which was purchased and owned by Liberato in his own right and was conveyed by him to the respondent in 1924, the trial justice held that the complainants had failed to establish by a fair preponderance of evidence that there was any such agreement as was alleged and essentially relied upon in the bill of complaint. He, therefore, held that the respondent received and held good title to the premises at 108 Vinton street by virtue of a deed thereto executed and delivered by his father Liberato and that the complainants had no claim in and to any portion of these premises. The relief prayed for as to this parcel of real estate was denied.

On the other hand, the trial justice held, in effect, that these minor children had inherited their mother's undivided one-fourth interest in the unimproved lots; that the respondent, because of the circumstances and his conduct toward them with reference to their recognized, undivided interest in the lots, occupied the position of at least a *quasi*

trustee in that regard; and that he could not use that position, in the circumstances of this case, to acquire the interest of the children in these lots for his own advantage and to their disadvantage.

A decree in accordance with these findings was entered and from this decree only the complainants have appealed. The only question presented by this appeal is whether the trial justice was clearly wrong in denying the relief prayed for on the basis that the respondent was bound by the alleged agreement of Liberato. The evidence for the complainants tending to prove the alleged agreement of Liberato, upon which they rely entirely, was not strong or convincing. Indeed, the only witness testifying for the complainants on that issue was Peter Calcagni, father of the children; and it is significant that he first testified that there were no conversations or talks with Liberato Cirino before or after the execution of the deed to 114 Vinton street with reference to any other property. Later, on redirect examination, he testified that there were talks with Liberato and Antonio, from which he sought to establish such an agreement. On the other hand, the testimony of the respondent was positive and convincing on this issue and was in accord with his conduct. Without such an agreement, the mother of the children had no interest in the property at 108 Vinton street and only an undivided one-fourth interest in the unimproved lots which she had inherited under the will of her mother, Filomena Cirino. We have examined the evidence and find nothing to cause us to depart from the usual rule that the decision of the trial justice on conflicting evidence is entitled to great weight.

Therefore, the appeal of the complainants is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*J. Raymond Dubee,* for complainants.

*Angelo Cianciarulo, Benjamin Cianciarulo,* for respondent.