Levia Calcagni *et al. vs.* Antonio Cirino *et al.*

JULY 19, 1939.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill of review brought by the complainants to obtain a reversal of a final decree entered in *Calcagni* v. *Cirino*, 62 R. I. 44, 2 A. 2d, 889. The bill is based solely on the ground of newly-discovered evidence which allegedly was not available to complainants, in the exercise of due diligence, until after the hearing of the original cause on its merits.

Leave to file the bill of review was obtained first from a justice of the superior court by the complainants, *ex parte*, upon their separate petition, which included affidavits that set forth the evidence upon which they ultimately rely. The respondents received no notice of the filing or allowance of that petition for leave to file the bill of review, and later they filed a substantial demurrer to the bill.

The demurrer stated first, that the bill alleged no grounds for the interposition of a court of equity; and second, that the original bill in equity, described in the bill of review, had gone to final adjudication; and "for divers other good causes of demurrer appearing in the said Bill of Review" prayed the judgment of the court that the bill be dismissed. The matter was heard by another justice of the superior court upon the respondents' demurrer and a decree was entered, overruling it on the first ground but sustaining it on the second ground thereof. The cause is before us upon the complainants' appeal from that decree.

The original bill in equity was brought by these complainants to have the respondent Antonio Cirino declared to be holder of one-half of certain real estate as trustee for the complainants, on the ground that his father, Liberato Cirino, had expressly agreed with Annie Cirino Calcagni and respondent Antonio Cirino to make a will devising that real estate to said Annie Cirino Calcagni and Antonio Cirino,

share and share alike, if they first released their interests in certain other property, which was done. Annie Cirino Calcagni, daughter of Liberato Cirino, was the mother of complainant children and wife of complainant Peter Calcagni. No representative of the estate of Liberato Cirino, the father, was ever made a party to the bill, notwithstanding that the fundamental agreement allegedly was induced and made by the father.

The original cause was tried before a justice of the superior court, who found that complainants' evidence failed to establish the making of any agreement by Liberato Cirino, the father, with Annie Cirino Calcagni and Antonio Cirino, as complainants alleged; and he therefore denied the relief prayed for as to the property at 108 Vinton street, the improved parcel then in question.

After the entry of the final decree, certain affidavits of witnesses containing alleged newly-discovered evidence were presented as a part of the complainants' petition to this court "for a new trial" under general laws 1923, chapter 347, sec. 3. They were then considered by us in connection with contentions by the respondent Antonio Cirino that, even if complainants were properly before the court under chap. 347, sec. 3, the alleged newly-discovered evidence was available to the complainants at the trial if they had exercised reasonable diligence, and that such evidence was insufficient in fact to bind the respondent Antonio Cirino to any alleged agreement or to merit any retrial of the cause. In that case we said that we agreed with the contentions of said respondent, although our decision was based ultimately, as complainants now argue, upon our construction of the statute in question. See *Calcagni* v. *Cirino*, 62 R. I. 49, 2 A. 2d, 891.

Substantially the same affidavits by the same witnesses have been made a part of the complainants' petition for leave to file a bill of review, and later of the bill of review itself. These affidavits recite the alleged newly-discovered

evidence upon which the complainants rely ultimately in this proceeding.

The complainants contend that it was error to sustain the respondents' demurrer on the second ground. They argue that if the language of that ground is considered literally, a prior adjudication would not bar a bill of review, because the very function of such a bill is to review a matter that has been adjudicated by entry of final decree, after hearing on the merits. If the language of the second ground of demurrer meant only what complainants argue, that contention would be correct. However, in the instant case, the transcript and briefs indicate that court and counsel interpreted the second ground of the demurrer as having another reasonable meaning. They apparently understood and considered that this ground was intended to present the question whether the newly-discovered evidence was sufficient to warrant maintenance of a bill of review, because the facts, as previously found, did not connect the respondent Antonio Cirino with the agreement and because these affidavits were no different from those which were passed upon inferentially by this court in connection with the complainants' "petition for a new trial." See *Calcagni* v. *Cirino*, 62 R. I. 49, 2 A. 2d, 891.

Upon such an understanding by the superior court, we are of the opinion that it was not error to sustain the respondents' demurrer on that ground. We have examined again the affidavits in question and we are satisfied that they do not present the character of newly-discovered evidence that would probably cause the court to alter the result of the former hearing, if such evidence were brought forward in the suit. See *Doyle, Petitioner*, 14 R. I. 55, 56. All of these affidavits are too general and vague to establish an express agreement of the type relied upon in the original cause; and none of them properly connects the respondent Antonio Cirino or other respondents with participating in the making of any alleged agreement by the father.

Moreover, if the affidavits are given face value, they at least raise a serious question whether such evidence was not so frequently and publicly proclaimed by the father as to have been reasonably available to the complainants at the time of the original hearing, if they had been in the exercise of ordinary diligence.

Had the respondents been given an opportunity to be heard before the justice granted, *ex parte,* leave to complainants to file the bill of review, we think that such leave would have been denied. Such a hearing would be the better practice as leave to file a bill of review is to be granted with caution. And a demurrer to a bill of review, even when filed, has been sustained. See *Williams* v. *Starkweather,* 24 R. I. 512.

Upon consideration of the transcript, briefs and affidavits, we are of the opinion that there was no error by the superior court in sustaining the respondents' demurrer to the bill of review.

Therefore, the appeal of the complainants is denied, the decree appealed from is sustained, and the cause is remanded to the superior court for further proceedings.

*J. Raymond Dubee,* for complainants.

*Benjamin Cianciarulo, Angelo Cianciarulo, Edward A. Capomacchio,* for respondents.