ELIZABETH M. McLAUGHLIN *vs.* ANNA E. DUNLOP, *Ex'x.*

MAY 31, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

156

See also 68 R. I. 4.

CONDON, J. This is an action of assumpsit brought against the defendant as executrix of the will of Edwin G. Dunlop to recover on a promissory note made by him to the plaintiff. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. Defendant has brought the case here on her exception to that decision.

The facts briefly are these: Edwin G. Dunlop borrowed the sum of $2000 from the plaintiff and gave her his promissory note therefor. That note was dated September 22, 1930, and payable one year from date. On September 22, 1931 a new note was issued in renewal of that note and was also payable to the plaintiff one year from its date. Plaintiff claimed that this note was never paid but that interest was paid thereon semiannually to and including March 22, 1937. At the next interest date further payment of interest was refused by the defendant, first, because plaintiff declined to produce the note for defendant's inspection; and, second, because defendant claimed that the note had been paid. Plaintiff thereupon demanded payment of the note which was refused.

Because Edwin G. Dunlop had died on October 19, 1935, and Anna E. Dunlop, his wife, had qualified as the executrix of his will and had made her first publication of such quali-

fication on December 24, 1935, it was necessary for the plaintiff to file a claim for the amount of the note against decedent's estate. However, the time limited by statute for filing the claim had expired and plaintiff therefore resorted to the privilege accorded by the first proviso of general laws 1938, chapter 578, §3. Under that proviso she could file her claim but it would be necessary for her to show that her failure to file it in time was due to "accident, mistake or unforeseen cause." She filed a claim in which she alleged such reasons for late filing, but that claim stated that the deceased was indebted to her in the sum of $2105 on account of his promissory note in the sum of $2000 dated September 22, 1930. This claim bore no filing date. It appears never to have been acted upon in any way, either by the probate court or the executrix. Defendant nevertheless contends that this claim was the subject of later proceedings which were had in the probate court on an amended petition filed by the plaintiff.

That amended petition was filed after the above claim had been filed. The probate clerk, who was a witness at the trial in the superior court, testified positively to that effect. Such petition was filed under the second proviso of G. L. 1923, chap. 365, §3, now G. L. 1938, chap. 578, §3, and petitioner requested therein that she be permitted to file a claim out of time. It was heard and thereafter, on April 19, 1938, was granted. In pursuance of such permission, on April 21, 1938, plaintiff filed her claim, in which she alleged that the deceased was indebted to her in the sum of $2120 on a promissory note for $2000, dated September 22, 1931. On April 25, 1938, defendant filed a statement disallowing that specific claim. She made no objection in the probate court that such claim was at variance with that substantially set out in plaintiff's amended petition.

Upon the disallowance of her claim plaintiff brought suit on it in the superior court, which suit was tried in that court on January 21, 1943. At the conclusion of the evidence defendant moved for a nonsuit, which was granted over the

objection of the plaintiff. Thereafter, on February 8, 1943, plaintiff brought the instant suit, claiming the right to do so by virtue of the provisions of G. L. 1938, chap. 510, §9.

At the trial of this action in the superior court defendant relied upon the general issue and upon one of five special pleas, which she had filed, namely, that the note of September 22, 1931, as set out in plaintiff's claim and sued upon, was not the note set out in the claim which the probate court permitted her to file out of time. The trial justice found as a fact from the records of the probate court, which were in evidence, and the testimony of the clerk of that court, that plaintiff's petition for leave to file a claim out of time referred to a claim which was based on a note of the deceased for $2000 dated September 22, 1931; and he therefore overruled defendant's first special plea.

We have carefully read the transcript and inspected such probate records and we cannot say that the trial justice was clearly wrong in making such finding. Defendant's counsel has ably presented every possible argument to support his position. In addition, however, he has ingeniously, but we think ill-advisedly, sought to raise doubts as to the authenticity of the plaintiff's claim, which was filed in pursuance of the permission granted to her, by contending that the date of the note referred to in the claim has been altered by changing the cipher in the year 1930 to the figure 1, thus altering the date of the note from September 22, 1930 to September 22, 1931. Whether or not counsel is correct in that contention cannot help the defendant in this court. There is no evidence in the record tending to prove such alteration and no contention was made in the superior court that the document which was admitted in evidence as an exhibit had been tampered with. Defendant's suggestion in this regard, however forcibly made here for the first time, is merely argument and cannot be made to supply the place of evidence.

Moreover, even though there was such an alteration as is claimed, that fact alone would not necessarily affect the

authenticity of the document, unless it was shown that such alteration had been made after it was filed in the probate court. And even then it would not be conclusive against the plaintiff unless there was in the petition for leave to file a claim out of time something intrinsic which indicated that the claim was based on a note of September 22, 1930 and not on one dated September 22, 1931. Such is not the case here. The trial justice specifically found that plaintiff's petition, by reason of a reference therein of a last payment of interest as of March 22, 1937, showed that her claim was based on the note of September 22, 1931, on which such an interest payment had been indorsed. In this finding we agree with the trial justice.

Defendant contended both in the superior court and in this court that plaintiff's suit was barred by reason of the special statute of limitations governing suits on disallowed claims. G. L. 1938, chap. 578, §11. That section provides that suit must be brought within six months after notice of disallowance of the claim. Since the instant suit was brought after such six months, defendant insists that it is outlawed. In answer to defendant's contention plaintiff argues that since her first action was brought within the time limited by that section and she was nonsuited on defendant's motion, over her objection, she was entitled, by virtue of the provisions of G. L. 1938, chap. 510, §9, to bring the instant suit. That section provides: "If any action which has been or shall be duly commenced within the time limited and allowed therefor, shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, or if after verdict for the plaintiff, the judgment shall be arrested, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit as aforesaid; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence said new action within the said one year."

Defendant urges that this section does not apply where there is a special limitation, as in the instant case, and she cites in support thereof *Gray* v. *Ahern,* 63 R. I. 363. That case does not support such a proposition. Rather it reaffirms indirectly the rule laid down in *Pesce* v. *Mondare,* 30 R. I. 247, to the effect that where the prior action has been terminated by an involuntary nonsuit, it has been abated or otherwise avoided or defeated within the meaning of the statute, and therefore plaintiff in such a case is entitled to the relief afforded by §9.

In the instant case the plaintiff objected to the granting of defendant's motion for a nonsuit. She admits that she did file a notice of intention to prosecute a bill of exceptions and that she voluntarily thereafter withdrew such notice and never prosecuted such exceptions, but contends that such action did not place her beyond the benefit of §9. In support of that contention she cites *Sullivan* v. *White,* 36 R. I. 488. That case is clearly in point. There plaintiff had actually filed his bill of exceptions and later voluntarily withdrew it. This court pointed out that this did not deprive the plaintiff of the benefit of the statute, as that could result only from his voluntary action in bringing about the nonsuit in the first place and not from such action in discontinuing appellate proceedings for review of an involuntary nonsuit. The trial justice, in the case at bar, relied upon the above-cited authorities in ruling in favor of the plaintiff and we are of the opinion that he did not err.

There remains, for discussion, only the defendant's contention that the trial justice was clearly wrong in finding that defendant had not proved payment of the note set out in plaintiff's claim and sued upon here. The trial justice in his rescript states that the defendant did not deny that the note of September 22, 1931, which was proved and admitted in evidence, was genuine but she contended that it was paid. This defense, he observed, was an affirmative one which defendant was required to prove by a fair preponderance of the evidence. He found that she had not sustained that bur-

den and referred specifically to several features of her evidence to show the reason for his finding.

We have read the transcript and we are of the opinion that there is nothing therein which would justify us in saying that the trial justice's finding was clearly wrong. In fact, as we read defendant's testimony it has little, if any, probative force to prove her contention that this particular note was paid, or, indeed, to prove that she ever, until after she had made the last payment of interest on March 22, 1937, acted as though it was paid. Summed up, her testimony amounts to no more than an attempt to cast doubt and suspicion upon this note as an independent note and to connect it in some more or less indefinite way with a mortgage which, she claims, was paid in 1932 but was not discharged of record until 1934. Such testimony scarcely rises to the dignity of proof of payment, and the trial justice did not err in disregarding it.

Defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

### On Motion for Reargument
#### July 3, 1944.

Per Curiam. After our opinion in this case was filed, defendant, with leave of court, filed a motion for reargument. In her motion she states that we apparently overlooked her contention that the plaintiff was not entitled to claim the benefit of general laws 1938, chapter 510, §9, because the time within which she was limited in bringing her suit was not prescribed by chap. 510 but by a special statute of limitations, G. L. 1938, chap. 578, §11, and that the last sentence of §10 of chap. 510 expressly provides that the provisions of such chapter shall not apply to any case where a different time is limited by special provisions. She contends that, although she urged this point in her brief, it has not been considered in our opinion and she therefore requests a reargument on such point.

We see no need for reargument. The point raised was not overlooked. Although not explicitly discussed in the opinion it is implicitly involved and rejected in the view which we expressed that the plaintiff was entitled to claim the benefit of §9. But since defendant has made a point of construing the last sentence of §10 so as to exclude the plaintiff from the relief intended by §9 we shall consider her contention briefly.

The last sentence of §10 reads as follows: "The provisions of this chapter shall not apply to any case in which a different time is limited by special provisions." Clearly that sentence means that the provisions of this chapter limiting the time within which suits may be brought shall not apply where a different time is limited by special provisions. In other words, it does no more than say that in such case a special statute of limitation shall apply rather than this general statute of limitations. But §9 is not a statute of limitation. Rather it is a relief statute. And it was clearly intended to provide relief to any plaintiff who had originally complied with the statute of limitations governing his case. The very first words of the section establish this beyond question. They are: "If *any action* which has been or shall be duly commenced within the time limited and allowed therefor, shall be abated . . . ." (italics ours)  This statute is remedial and should be liberally construed. *Robinson* v. *Merchants' & Miners' Transportation Co.,* 16 R. I. 637. It should not be construed to apply only to suits which may be brought within the time limited by chap. 510.

Defendant's contention might have been made with much more force if the language of §9 read as it did prior to the enactment of P. L. 1911, chap. 684. The first words of the section then read: "If any action, duly commenced within the time limited and allowed therefor *in and by this chapter,* shall be abated . . . ." (italics ours)  G. L. 1909, chap. 284, sec. 9. It is reasonable to conclude that when the legislature eliminated the restrictive words above emphasized it intended to broaden the application of the section so that it would

apply to *any action* duly commenced within the time limited and allowed therefor by *any* statutory provision. Aside from such argument we conclude that the language of the section as it now stands imports no restriction of its benefits to actions limited in and by chap. 510.

Without further discussion it should now be clear that we have considered and rejected defendant's contention that §10 deprives the plaintiffs of the benefits of §9.

Motion denied.