ELIZABETH M. McLAUGHLIN *vs.* ANNA E. DUNLOP, *Ex'x.*
DECEMBER 6, 1944.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This case is before us on the defendant's petition for a new trial on the ground that her trial in the superior court was not full, fair and impartial.

The petition is based upon general laws 1938, chapter 535, §5, which reads as follows: "A party . . . in any action or proceeding in the superior court in which a trial has been had which was not full, fair, and impartial, may at any time within one year after verdict or decision petition

the supreme court for a new trial; and the supreme court may, with or without terms, order a new trial in the superior court."

The petition and its accompanying affidavit restate at length all the material allegations, facts and arguments, with one possible exception, that were in controversy and were fully presented by the defendant at the trial in the superior court. The matters complained of were proper subjects for exception and review thereon. In fact, they were presented and argued to this court upon the defendant's exception to the trial justice's decision in favor of the plaintiff and were thereupon reviewed and disposed of by our opinion in *McLaughlin* v. *Dunlop*, 70 R. I. 155. Unless the petitioner shows something more than mere error of the trial court upon a matter which ordinarily would form the subject of an exception, relief under this section of the statute is not warranted. *Campbell* v. *Campbell*, 29 R. I. 428; *Chapin* v. *Stone*, 32 R. I. 311; *State* v. *Kemp*, 37 R. I. 572.

But, even if we consider the petitioner's present complaint in the light of the one allegation that may not have been presented as fully to the trial justice as to this court, our conclusion is not thereby changed. The petitioner contends, in substance and effect, that if we consider, in connection with the other relevant proven or admitted facts, an alleged erasure and substitution in the date on the copy of the promissory note as such copy is set forth in the claim relied on, it will clearly appear that plaintiff's recovery was based on a different note from the one upon which she originally was given leave to file her claim in the probate court. It is not claimed that the note itself was altered.

From an inspection of the claim as filed there is grave question whether there was any such erasure and substitution as alleged. But, even if there were, the petitioner's complaint would not justify relief in the circumstances unless the change was wrongfully made after the claim had

been filed in the probate court. There is no such evidence in this record.

The petition is denied and dismissed.

*Charles R. Easton,* for petitioner Dunlop.

*George F. Treanor,* for respondent McLaughlin.