329 A.2d 186.

RAYMOND L. S. PATRIARCA *vs.* STATE.

DECEMBER 9, 1974.

PRESENT: Roberts, C. J., Joslin, Kelleher and Doris, JJ.

JosLIN, J. The petitioner, Raymond L. S. Patriarca, was tried before a judge and jury in the Superior Court on three indictments. One charged him with conspiracy to murder, and two with being an accessory to a murder. The jury returned a guilty verdict on the conspiracy charge, but failed to agree on the accessory charges. Another jury at a second trial, however, found the petitioner not guilty of the accessory charges. The petitioner's motion for a new trial on the conspiracy indictment was denied, and on August 31, 1970, he was sentenced to a term of 10 years. On appeal we sustained that conviction. *State* v. *Patriarca*, 112 R. I. 14, 308 A.2d 300 (1973). Thereafter, the petitioner moved for a new trial on the conspiracy charge on the ground of newly discovered evidence. Instead of appealing from the Superior Court's denial of that motion, the petitioner, about 3½ months thereafter, filed an original petition in this court asking us on the basis of the same newly discovered evidence to order the Superior Court to grant him a new trial. We denied the state's motion to dismiss the petition, *Patriarca* v. *State*, 113 R. I. 916-17, 319 A.2d 102 (1974), and then heard the matter on briefs and oral arguments.

The petitioner's claim pertains essentially to John J. Kelley's testimony upon which the state relied primarily at both the first and second trials. While the parties do not fully agree on the effect of that testimony, we view it, arguendo, in the light most favorable to petitioner. Thus, it appears that at the first trial Kelley testified that

the alleged conspiracy was hatched on Saturday, April 6, 1968, in a Providence automobile parking lot across the street from the Gaslight Restaurant. At the second trial, however, Kelley told a different story. He said then that the alleged conspiratorial meeting occurred a day later, on Sunday, April 7, 1968, in the doorway in front of the Gaslight Restaurant, and that there was nothing unusual about the Gaslight's appearance.

The petitioner now argues that these changes in Kelley's testimony enabled him at his second trial to discredit Kelley with testimony to the effect that he (Kelley) was in Boston, Massachusetts, on the evening of April 7, 1968. Further, petitioner claims he was able to rebut Kelley's testimony that there was nothing unusual about the Gaslight's appearance by introducing evidence that prior to the alleged meeting the restaurant had been destroyed by fire, and that on April 7th, its doors and windows were "boarded up" and the sidewalk and street in front of the restaurant were blocked off by wooden horses and ropes.

In addition, petitioner directs our attention to Kelley's testimony at the first trial that he had been driven to the alleged meeting place by Frank Vendituoli in the latter's 1967 green Chrysler. He argues that he was unable to rebut that testimony at the time because Vendituoli was then a fugitive from justice whose whereabouts were unknown. By the time of the second trial, however, Vendituoli had been unavailable, and testified that his automobile was unavailable to transport Kelley to Providence on April 7, because it was then in an automobile repair shop undergoing extensive body repairs.

In substance, petitioner now contends that the changes in Kelley's testimony, together with the new evidence to which those changes led, undoubtedly contributed to his second trial acquittals. It is not unreasonable, he continues, to believe that the presentation of that evidence

at a new trial on the conspiracy charge might also result in a not guilty verdict. He concludes that in these circumstances G. L. 1956 (1969 Reenactment) §§9-21-5 and 9-21-6 contemplate that he be afforded an opportunity to present that evidence at a new trial.

Before we come to grips with these contentions, we note that just as we have accepted petitioner's version of the relevant testimony for the limited purpose of these proceedings, so, too, do we now for the same purposes assume, without deciding, that petitioner is correct in his assertions that (1) §9-21-5 applies to criminal as well as to civil matters; (2) the applicable version of §9-21-6 is that which was in effect when petitioner was tried in 1970 rather than that which became operable when P. L. 1973, ch. 204, sec. 1 was enacted; and (3) the limitation period within which petitioner was required to seek relief under either §9-21-5 or §9-21-6 began to run on July 20, 1973, when this court sustained petitioner's conviction on appeal, rather than on August 31, 1970, when the Superior Court imposed sentence.

But even granted these favorable assumptions concerning the relevant facts and the operable law, petitioner cannot prevail. First, §9-21-5 does not contemplate the remedy sought. Insofar as here pertinent, that section provides that this court may, at any time within one year after judgment, order a new trial in the Superior Court for any party whose trial in that court "was not full, fair, and impartial." While we have not heretofore precisely delineated the criteria for measuring whether a trial has fallen short of the required standard, we have said that mere error by the trial court which is correctable on appeal does not warrant a new trial on those grounds. *Campbell* v. *Campbell*, 29 R. I. 428, 71 A. 1058 (1909); *Bristow* v. *Nichols*, 19 R. I. 719, 37 A. 1033 (1897). In this case the Superior Court's denial of petitioner's motion for a

new trial on the ground of newly discovered evidence, if deemed erroneous by petitioner, could have been appealed. This, therefore, was a ruling which, if erroneous, would have been correctable on appeal. The decision in *Chapin* v. *Stone,* 32 R. I. 311, 79 A. 787 (1911), clearly holds that §9-21-5's precursor was an inappropriate procedural route for seeking a new trial on the ground of newly discovered evidence. We see no sound reason, nor has any been suggested, why that case is not dispositive.[1]

Second, petitioner's contention that §9-21-6 authorizes us to grant the relief he seeks completely misconceives the purport of that section. Instead, insofar as here relevant, §9-21-6 provides only that even though the time ordinarily fixed for the filing of a motion on the ground of newly discovered evidence may have elapsed, this court may nonetheless, where appropriate, permit a party to file such a motion in the Superior Court.

To grant that relief on this petition, however, would be both improper and undoubtedly futile. This is so because the Superior Court has already heard and denied petitioner's motion for a new trial and that motion was based upon the same newly discovered evidence asserted here. In short, petitioner has already been afforded all the benefits to which he could be entitled under §9-21-6. Nothing in the statute suggests that he merits a second hearing in the same forum on the identical subject matter.

---

[1] The Supreme Court has said that due process will not tolerate the prosecution's knowing reliance upon false testimony or its suppression of material evidence favorable to the accused upon request. *Miller* v. *Pate,* 386 U. S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); *Giles* v. *Maryland,* 386 U. S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Brady* v. *Maryland,* 373 U. S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Napue* v. *Illinois,* 360 U. S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Mooney* v. *Holohan,* 294 U. S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). The petitioner does not contend—and we are not otherwise led to believe—that the newly discovered evidence here asserted is sufficient to support a constitutional claim to a new trial based upon these decisions.

*Michon* v. *Williams*, 97 R. I. 74, 76-77, 195 A.2d 751, 752 (1963); *Calcagni* v. *Cirino*, 62 R. I. 49, 51, 2 A.2d 891, 892 (1938).

The petitioner was obviously dissatisfied when his motion for a new trial on the ground of newly discovered evidence was denied by the Superior Court, and he wanted this court to review that ruling. The proper way for him to have obtained that review was by appealing from that ruling, and not by petitioning this court directly for a new trial under §§9-21-5 and 9-21-6. Both of those provisions are inappropriate for the relief he seeks.

For the reasons indicated, the petition is deficient and must be denied and dismissed.

Mr. Justice Paolino did not participate.

*Harris L. Berson, Harvey Brower*, Lawrence, Mass., for petitioner.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for respondent.