Phillip SOLOMON

v.

**PROGRESSIVE CASUALTY INSURANCE CO., et al.**

No. 95–407–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 1996.

Joseph Keough, Pawtucket.

Robert Quigley, Jr., Providence.

## ORDER

This matter came before the Supreme Court on December 4, 1996, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Phillip Solomon (plaintiff), has appealed from a Superior Court decision granting a motion to dismiss in favor of Progressive Casualty Insurance Company and Thomas and Susan Gomersall (collectively as defendants).

After hearing the arguments of counsel for the parties and after reviewing their memoranda, we are of the opinion that cause has not been shown, and therefore, the appeal will be decided at this time.

The pertinent facts are as follows. In April 1991, plaintiff was involved in an automobile accident with the Gomersalls. In a proceeding separate from the instant matter, plaintiff filed suit in Rhode Island Superior Court seeking monetary damages suffered as a result of the accident.

While that suit proceeded, plaintiff filed the present action against the Gomersalls and their insurance company, Progressive Casualty Insurance. The plaintiff alleged five counts in his complaint. The first is that defendants failed to enter mediation in the earlier suit, despite having entered into an agreement to do so with plaintiff. Second, plaintiff alleged that despite a subsequent written agreement to submit the suit to binding arbitration, defendants refused to arbitrate in accordance with the agreement. In the final three counts, plaintiff alleged that defendants engaged in unfair trade practices, violated the Unfair Claims Settlement Practices Act, and caused plaintiff emotional distress as a result of the two previous failures to settle the suit.

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, contending that the complaint failed to state a claim upon which relief could be granted. The trial justice granted the motion and plaintiff appealed to this court.[1] We now affirm the holding of the Superior Court.

In passing upon the issue of whether a trial justice has properly granted a motion made pursuant to Rule 12(b)(6), "this court reviews the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *Ellis v. Rhode Island Public Transit Authority*, 586 A.2d 1055, 1057 (R.I.1991). When it appears clear beyond a reasonable doubt that plaintiff would not be entitled to relief under any set of facts, a motion made pursuant to Rule 12(b)(6) should be granted. *Id.*

We are of the opinion that the trial justice properly granted defendants' motion. A review of plaintiff's complaint revealed that in counts 1 and 2 plaintiff, in essence, asserted a breach of contract claim against defendants for failure to mediate or arbitrate the earlier suit.[2] Assuming this allegation to be true, plaintiff's only recourse would be to petition the Superior Court for an order to enforce the terms of the arbitration agreement. G.L. 1956 § 10–3–4. The plaintiff may not sustain a cause of action for compensatory or punitive damages and has thus failed to state a claim, under any set of circumstances, that would entitle him to the relief sought.

**1.** We note that pursuant to Super.R.Civ.P. 58, a judgment must be set out on a separate document and signed by the Clerk in order to be final. Consequently, an appeal may only be taken after this procedure is complete. In the present case, the decision of the Superior Court granting defendants' motion to dismiss was never entered onto a separate document as required by the rule. However, since neither party has addressed this issue, we shall assume it waived and proceed as though a judgment had been properly entered.

**2.** Although our review of a Rule 12(b)(6) motion is limited to an examination of the allegations set forth in a complaint, our search of the record indicated that the agreement to mediate was never reduced to writing, and the agreement to arbitrate, although written, was never signed by either of the parties. Such "agreements" are unenforceable. *See e.g.*, G.L.1956 § 10–3–2; Rule 1(b) of the Superior Court Rules Governing Arbitration of Civil Actions. Further, plaintiff would have no claim for relief based solely upon a bad faith refusal to mediate or arbitrate. *See Cianci v. Nationwide Insurance Co.*, 659 A.2d 662, 667 (R.I.1995) (holding "that the adversarial relationship between the claimant and the insurer, coupled with the fact that plaintiff was not a party to the contract, militates against the viability of any claim of an alleged bad-faith action" on the part of the insurer).

Therefore, it was proper for the trial justice to dismiss counts 1 and 2.

In counts 3 and 4, plaintiff alleged that defendants engaged in unfair and deceptive trade practices in violation of the Unfair Claims Settlement Practices Act, G.L.1956 § 27–9.1–1, by not negotiating according to the terms of the agreements. Assuming these allegations to be true, we again determine that plaintiff is not entitled to the compensatory relief sought in the complaint. Section 27–9.1–1 clearly provides that "[n]othing herein shall be construed to create or imply a private cause of action for violation of this chapter." Therefore, by the express terms of the statute, plaintiff's claim for damages with respect to counts 3 and 4 is without merit.

Finally, plaintiff alleged that defendants' failure to mediate or arbitrate the suit caused him to suffer emotional distress. Because this count in the complaint is predicated upon the success of the preceding four counts and because, as we have determined above, those prior counts have failed to state a claim upon which relief can be granted, count 5 was also subject to dismissal.

Consequently, in summary, the appeal is denied and dismissed, and the decision appealed from is affirmed. The papers in the case may be returned to the Superior Court.