Joseph D'ANTUONO, Jeannette
D'Antuono, and Joseph
D'Antuono, Jr.

v.

NARRAGANSETT BAY INSURANCE
COMPANY.

No. 97–441–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1998.

Paul M. Giacobbe, Warwick, for Plaintiff.

Kevin S. Cotter, Richard A. vanTienhoven, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This motor-vehicle accident case raises the following issue: by approving its insured's proposed liability settlement with an underinsured tortfeasor without disclaiming the availability of underinsured motorist (UIM) coverage, was an insurer thereby estopped from later denying that its policy provided such coverage? Contending that the provisions for UIM coverage in its automobile insurance policy cannot be expanded or negated by the doctrine of estoppel, the defendant-insurer, Narragansett Bay Insurance Company (Narragansett Bay), appeals from a Superior Court judgment entered in favor of the plaintiffs, including the plaintiff-insured, Joseph D'Antuono, Jr. (plaintiff or D'Antuono, Jr.). We ordered the parties to show cause why this appeal should not be decided summarily. After hearing their arguments, reviewing their legal memoranda, and examining the record, we conclude that cause has not been shown and that we can decide the appeal at this time.

In 1989, D'Antuono, Jr., was operating an uninsured motorcycle when he was involved in an accident with a truck owned by Virginia Knowlton and driven by James Newcomb (hereinafter referred to collectively as "the tortfeasor"). Immediately before the collision, plaintiff threw his motorcycle at the oncoming truck in a vain attempt to avoid injury. His desperate gambit failed, however, as the truck, undeterred, proceeded to run over and crush both his legs, causing him to sustain over $500,000 in compensable damages.

Named as an additional "insured" in his parents' automobile insurance policy with Narragansett Bay, the plaintiff was residing in his parents' home at the time of the accident. The relevant section of the policy states, "We do not provide Uninsured Motorists Coverage for 'bodily injury' sustained by any person: (1.) While 'occupying', or when struck by any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy."

The plaintiff and his parents hired an attorney to pursue their claims arising from the accident. The attorney corresponded several times with Narragansett Bay through its insurance adjuster. In one such letter, plaintiff's attorney requested permission to settle with the tortfeasor's insurance company for the $100,000 policy limit. Of particular note is the attorney's statement that his client "will be looking" to recover from Narragansett Bay under the UIM provisions of the D'Antuonos' own policy with Narragansett Bay. Eventually, on August 28, 1990, Narragansett Bay responded by granting permission for D'Antuono, Jr. to settle with the tortfeasor's insurance company for the limits of that policy's liability coverage. However, it said nothing in response to the statement that D'Antuono, Jr. would be looking to recover UIM benefits from Narragansett Bay. Thereafter, on May 2, 1991, almost nine months after consummation of this settlement, Narragansett Bay notified plaintiff's attorney that the UIM provisions of its policy did not cover losses for injuries sustained by D'Antuono, Jr. It contended that because D'Antuono, Jr. had been injured while occupying an uninsured motor vehicle, the policy expressly excluded this type of claim from coverage. The plaintiffs then commenced this action to obtain a declaratory ruling that D'Antuono, Jr. was entitled to recover UIM benefits from Narragansett Bay.

The plaintiffs' complaint raised two issues: (1) Should Narragansett Bay's policy be deemed to provide UIM coverage to D'Antuono, Jr. because at the time of the accident he was not actually occupying his uninsured vehicle (having thrown the motorcycle before the collision)? and (2) Should Narragansett Bay be estopped from denying UIM coverage based upon (a) its intentional conduct in approving its insured's request to enter into a policy-limits liability settlement with the tortfeasor, or (b) its silence in the face of a duty to speak by failing to deny UIM coverage in response to the letter sent by plaintiff's attorney to approve the settlement with the tortfeasor?

Pursuant to defendant's Super.R.Civ.P. 50 motion for judgment as a matter of law, the Superior Court applied the four-part test set forth in *General Accident Insurance Co. of America v. Olivier*, 574 A.2d 1240 (R.I.1990),

to determine whether plaintiff was "occupying" the vehicle at the time of the accident. In that case, we held that an insured will be deemed to be "occupying" the vehicle if:

"(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

"(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

"(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

"(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time." *Id.* at 1241 (quoting *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005, 1009 (Pa.1984)).

■ Applying this test to the circumstances of the case at bar, the trial justice found that notwithstanding his last-second disengagement from the motorcycle, plaintiff was indeed occupying the motorcycle at the time of the accident and therefore, by its plain terms, Narragansett Bay's policy did not provide coverage. We agree with this determination.

However, the court also concluded that sufficient conflicting evidence existed to send the estoppel issue to the jury. Accordingly, after receiving instructions from the trial justice, the jury concluded that plaintiff had failed to prove by a preponderance of the evidence that he had been reasonably induced to act to his detriment by relying on Narragansett Bay's approval of his proposed settlement with the tortfeasor. Notwithstanding this finding, the jury went on to conclude that plaintiff was reasonably induced to rely on the insurer's silence to his detriment. As a result, Narragansett Bay appealed the Superior Court judgment granting plaintiffs' complaint for declaratory relief.

Narragansett Bay contends that the trial justice erred in allowing the jury to find that by its silence Narragansett Bay was estopped from denying UIM coverage to D'Antuono, Jr., after it had communicated with his attorney and approved the proposed liability settlement with the tortfeasor.

■ The standard for reviewing and ruling on a motion for judgment as a matter of law requires this Court to consider the evidence "in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[ ] from the record all reasonable inferences that support the position of the nonmoving party." *DeChristofaro v. Machala*, 685 A.2d 258, 262 (R.I.1996). However, if the evidence permits but one legal conclusion regarding the outcome, then the trial court should grant a judgment as a matter of law. *Long v. Atlantic PBS, Inc.*, 681 A.2d 249, 252 (R.I.1996).

■ We are of the opinion that the trial justice erred in denying Narragansett Bay's motion and allowing the jury to determine the estoppel question. In this case, the court's determination that the applicable policy provisions failed to provide UIM coverage in these circumstances should have foreclosed any submission of the estoppel issue to the jury. Applying *Olivier* to the facts of the accident, the trial justice correctly ruled that D'Antuono, Jr. was indeed occupying the motorcycle when he was injured. Thus, under the plain terms of the policy's exclusory language, no coverage existed for plaintiff's claim. In *Martinelli v. Travelers Insurance Companies*, 687 A.2d 443 (R.I.1996), we stated: "estoppel cannot be invoked to expand the scope of coverage of an insurance policy. Because the Travelers policy *provided no coverage for the claim in question*, the doctrine of estoppel did not bar the insurer from asserting that defense against coverage of the loss." *Id.* at 447. (Emphasis added.)[1]

---

**1.** In *Martinelli v. Travelers Insurance Companies*, 687 A.2d 443, 447 (R.I.1996), we cited with approval the cases of *Pedersen v. United Services Automobile Association*, 383 N.W.2d 427, 430–31 (Minn.Ct.App.1986), and *ABCD ... Vision, Inc. v. Fireman's Fund Insurance Companies*, 304 Or.301, 744 P.2d 998, 1001–02 (Or.1987). In

*Pedersen*, that court stated that: "The doctrine of estoppel will not operate to enlarge the coverage of an insurance policy. *** Coverage may not be imposed upon an insurer for a risk not specifically undertaken by the insurer and for which no consideration has been paid." 383 N.W.2d at 430. Likewise in the *ABCD ... Vision, Inc.,*

Therefore, D'Antuono, Jr.'s claimed reliance upon Narragansett Bay's conduct in approving the tortfeasor settlement and/or its silence in failing to disclaim UIM coverage when D'Antuono, Jr. sought its permission to settle with the underinsured tortfeasor should not have been allowed to estop the insurer from relying upon the coverage limitations set forth in the policy—especially when, as here (1) it had no duty to deny UIM coverage before it approved the proposed liability settlement; (2) D'Antuono, Jr. presented no evidence of his justifiable and detrimental reliance on the insurer's conduct other than entering into a policy-limits settlement with the underinsured tortfeasor; and (3) no evidence existed that the insurer intentionally misled the insured to rely upon the existence of UIM coverage for his claims.

In this case, Narragansett Bay's insurance policy plainly excluded coverage for D'Antuono, Jr. because he was occupying his uninsured motorcycle at the time of the accident. As a result, D'Antuono, Jr. cannot rely on an estoppel-by-silence argument to expand the scope of the insurance policy. The plaintiff's misplaced reliance on the non-insurance case of *Schiavulli v. School Committee of North Providence*, 114 R.I. 443, 449–50, 334 A.2d 416, 419 (1975). does not warrant deviation from the *Martinelli* rule.[2]

For these reasons, we sustain Narragansett Bay's appeal, reverse the trial court's order denying Narragansett Bay's motion for judgment as a matter of law on the estoppel claim, vacate the judgment, and remand the papers in this case for the entry of an amended judgment in favor of Narragansett Bay.

---

case, the court stated that "[e]stoppel cannot be invoked to expand insurance coverage or the scope of an insurance contract." 744 P.2d at 1001.

**2.** *Schiavulli v. School Committee of North Providence*, 114 R.I. 443, 334 A.2d 416 (1975) and the

case on which it relies, *Murphy v. Duffy*, 46 R.I. 210, 221–22, 124 A. 103, 108 (1924), both concerned local school committees and had nothing to do with the coverage provided by insurance policies.