Irene D. LEITER

v.

ALLSTATE INSURANCE COMPANY.

No. 97–606–Appeal.

Supreme Court of Rhode Island.

March 10, 1999.

Michael J. Farley, Providence, for plaintiff.

Carol A. Zangari, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Irene D. Leiter, has appealed from the entry of a summary judgment in favor of the defendant, Allstate Insurance Company (Allstate). The plaintiff argued that under a theory of either equitable estoppel or reformation, the defendant should have been compelled to pay her underinsured motorist benefits. This case came before the Supreme Court on January 26, 1999, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On March 4, 1987, plaintiff was involved in an automobile accident. The driver and the owner of the other vehicle (hereinafter, tortfeasors) were insured by Amica Mutual Insurance Company (Amica), under a policy that, relative to plaintiffs' claim, provided liability coverage up to $50,000 per claim. The plaintiff was insured by defendant under a policy that provided a limit of $50,000 underinsured motorist coverage. The plaintiff and her husband filed suit against the tortfeasors, claiming that she had suffered personal injuries as a result of the accident. Counsel designated by Amica to represent the tortfeasors made a settlement offer of $50,000 that was contingent upon plaintiff and her husband [1] (plaintiffs, collectively, in the Superior Court suit) agreeing to release all claims against Amica and the tortfeasors relating to the accident.

Meanwhile, plaintiffs notified defendant of their intention to pursue an underinsured motorist claim and sought consent from defendant before accepting Amica's settlement offer. In a letter dated September 30, 1992, defendant granted permission to settle. The plaintiff settled with Amica and executed the

---

1. The plaintiff's husband did not join in this appeal.

release of all claims on October 7, 1992, discharging the tortfeasors from any additional liability. In a letter dated November 13, 1992, defendant denied plaintiff's underinsured motorist claim on the ground that the limits of plaintiff's underinsured motorist policy did not exceed the liability limits of the tortfeasors' policy, a fact that defendant alleged controlled the availability of underinsured motorist coverage in such a case.

The plaintiffs then brought a breach of contract action against defendant. After the trial justice granted defendant's motion for summary judgment, plaintiff appealed [2] and argued that defendant should be estopped from denying coverage based on its conduct or alternatively, that the policy should be reformed to conform to the parties' understanding.

It is well settled that this Court reviews the entry of a summary judgment *de novo*. *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998). We shall affirm a summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we are of the opinion that "no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996).

■ The plaintiff here argued on appeal that defendant should be estopped from denying underinsured motorist coverage because defendant caused plaintiff, in deciding to settle with Amica, to rely on representations that coverage existed. Even if such a reliance had occurred, however, there is no factual issue regarding estoppel in this case. At all times relevant to this controversy, the then-applicable statute [3] precluded plaintiff from recovering because her coverage was not greater than that of the tortfeasors. It is undisputed that plaintiff and the tortfeasors carried insurance with identical coverage limits. Given that plaintiff's underinsured motorist coverage did not exceed the tortfea-

sors' coverage, plaintiff's settlement with Amica or, for that matter, any other actions on the part of plaintiff or defendant, were wholly irrelevant to plaintiff's claim for underinsured motorist coverage.

Moreover, in *Martinelli v. Travelers Insurance Co.*, 687 A.2d 443, 447 (R.I.1996), this Court explained that "estoppel cannot be invoked to expand the scope of coverage of an insurance policy." And in a case indistinguishable from the case at bar, the plaintiff claimed that his insurer was estopped from denying his uninsured motorist claim because the insurer had approved the plaintiff's liability settlement with the tortfeasor. *D'Antuono v. Narragansett Bay Insurance Co.*, 721 A.2d 834, 836 (R.I.1998). In *D'Antuono*, this Court held that because under the applicable policy, no coverage existed for the plaintiff's claim, estoppel could not be used to expand the scope of insurance coverage. *Id.* at 836–37. Therefore, resorting to estoppel in the case at bar would improperly expand the scope of uninsured motorist coverage in contravention of the rule articulated in *Martinelli* and *D'Antuono*.

Further, in a claim of estoppel the " 'key element *** is intentionally induced prejudicial reliance.' " *Martinelli*, 687 A.2d at 447. In *D'Antuono*, we noted that the plaintiff failed to present evidence that the insurer intentionally misled the insured in order to induce reliance upon the existence of uninsured motorist coverage. *D'Antuono*, 721 A.2d at 837. The plaintiff here likewise failed to present any evidence that defendant intentionally misled her regarding the existence of underinsured motorist coverage. In its September 30, 1992 letter granting permission to settle, defendant stated it would "evaluate Ms. Leiter's underinsured motorist claim to determine an appropriate settlement amount." When viewed in the context of all communications between plaintiffs and defendant, this statement embodies none of the

---

**2.** The docket sheet does not indicate that judgment was entered in accordance with the requirement of Rule 58(a) of the Superior Court Rules of Civil Procedure that a judgment shall be set forth on a separate document in order to be appealable. *Solomon v. Progressive Casualty Insurance Co.*, 685 A.2d 1073, 1074 n. 1 (R.I.1996).

Because neither party raised this issue, however, we deem it waived. *Id.*

**3.** The current statute refers to damages incurred rather than limits of coverage. G.L.1956 § 27–7–2.1.

flavor of an intentional attempt to induce reliance. In fact, in the same September 30, 1992 letter, defendant explicitly stated:

"Please be advised that our consent in this matter is not to be construed as an admission that we agree this claim has a value in excess of the $50,000.00 policy limit being offered by the responsible party's carrier."

The plaintiff's claim of estoppel is thus wholly without merit, and the trial justice's granting of a summary judgment for defendant on this issue was proper.

The plaintiff claimed in the alternative that the insurance policy should be reformed to conform to the parties' understanding of the contract because both parties were mistaken about the coverage available under the policy. We have held, however, that "there can be no reformation unless the variance between what is written and what was originally intended, as well as the mutual mistake, are demonstrated by clear and convincing evidence." *Hopkins v. Equitable Life Assurance Society of the United States,* 107 R.I. 679, 685, 270 A.2d 915, 918 (1970). The plaintiff here failed to present evidence of a variance between what was intended at the time of contracting and what was written in the contract regarding the coverage under the underinsured motorist policy. Therefore, plaintiff's argument that the contract must be reformed is unavailing, and the granting of a summary judgment for defendant on this issue was proper.

For the foregoing reasons, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.