HENRY ROBINSON *vs.* THE MERCHANTS' & MINERS' TRANS-
PORTATION COMPANY.

Pub. Stat. R. I. cap. 205, § 8, providing that a plaintiff who has brought an action within
the period of limitation, which action is "abated or otherwise avoided or defeated by the
death of any party thereto or for any matter," may bring a new action for the same cause
within one year after such abatement or determination, will not apply in favor of a plain-
tiff who abandons such action from his own will or choice.

Hence, when such an action was dismissed for noncompliance with an order of court to give
surety for costs:

*Held,* that the plaintiff, to bring a new action under Pub. Stat. R. I. cap. 205, § 8, after the
period of limitations has elapsed, must show that his failure to obey the order of the court
in the former action was without fault on his part.

*Held,* further, that it is for the plaintiff to allege and prove this.

A nonsuit, whether voluntary or enforced, is no bar to a subsequent action.

TRESPASS ON THE CASE.    On demurrer to the rejoinder.

*November* 23, 1889.   DURFEE, C. J.   This is case for negli-
gence, whereby the plaintiff was injured.   The defendant pleads
the statute of limitations, and the pleadings proceed to replication
and rejoinder, which latter is demurred to by the plaintiff.   The
material facts, as disclosed by the pleadings, are these : The cause
of action accrued in July, A. D. 1883.   The plaintiff first sued
therefor by action begun in this court June 26, A. D. 1886.   Said
action came on for trial before Mr. Justice Matteson and a jury
October 21, A. D. 1887, and, after the plaintiff had put in his whole
case in evidence, the justice ordered a judgment of nonsuit to be
entered against him, in the language of the rejoinder, " on the
merits."   The judgment remains unreversed.   The plaintiff com-
menced in the Court of Common Pleas, November 14, 1887, an-
other action against the defendant for the same cause, in which
the defendant, after pleading, submitted to judgment for the
amount claimed, and took an appeal to this court, where the ac-
tion was dismissed, October 6, A. D. 1888, for failure of the plain-
tiff to comply with an order of the court to furnish surety for
the costs.[1]   The plaintiff began his present action in this court
September 6, A. D. 1889.   The question is, whether the action is
barred by the statute of limitations, the period of limitation gen-

---

[1] See *ante,* p. 217.

erally prescribed for such actions being six years. The question arises under Pub. Stat. R. I. cap. 205, § 8, as follows :

" SECT. 8.  If any action, duly commenced within the time limited and allowed therefor in and by this chapter, shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, or if, after verdict for the plaintiff, the judgment shall be arrested, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit as aforesaid ; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence said new action within the said one year."

The defendant contends that the action is barred because it was not commenced within a year after the determination of " the original suit," so called in said section, the argument being that the action first brought was such " original suit." We do not think the argument is tenable.  The obvious purpose of the section is to enable a plaintiff to bring an action after the general period of limitation has expired, provided he has duly commenced any action for the same cause within said period, and lost the benefit of it by either of the modes described, and the section, being remedial, should be liberally construed in furtherance of its purpose. So construed, the section evidently means by " *any* action duly commenced," not the first, but the last of any actions duly commenced, where more than one action have been duly commenced within the general period ; and, if so, also, of course, by " the original suit " the last of such actions, the last being regarded as " original " relatively to the new action brought after the general period has expired.

The defendant contends that the action is barred because the plaintiff, in his first action, was nonsuited by order of the court after having put in the whole of his testimony, and section 8 does not apply where the plaintiff has been so defeated.  Under our construction, the question depends on the commencement and termination, not of the first, but of the second action.  If the second action had been duly commenced and had come to an end, as indicated in section 8, before the present action was brought, the present action was well brought.  The points to be considered are,

*first*, had the second action been so commenced; and, *second*, had it so come to an end. It is not denied that the second action was duly commenced. It was commenced within six years after the cause accrued, and therefore was not affected by section 8. The fact that the plaintiff, in his first action, had been nonsuited by order of the court, did not invalidate the second; for, whatever the effect of such a nonsuit may be under section 8, it is well settled that ordinarily a nonsuit, whether enforced or voluntary, is no bar to a subsequent action. Freeman on Judgments, §§ 261, 261 a; Wells on Res Adjudicata, §§ 451–454; *Coit* v. *Beard*, 33 Barb. S. C. 357; *Holland* v. *Hatch*, 15 Ohio St. 464: *Derby* v. *Jacques*, 1 Cliff. 425, 432; *Knox* v. *Waldoborough*, 5 Me. 185; *Homer* v. *Brown*, 16 How. U. S. 354. There is nothing to show that the second action was not duly commenced.

As to the second point, the defendant contends that the second action was not either " abated or otherwise avoided or defeated by the death of any party thereto or for any matter " within the meaning of section 8. The ground of this contention is, that the plaintiff's failure to comply with the order for surety was his own fault, and therefore that the dismissal of the action is to be regarded as a consequence of his voluntary act rather than as an avoidance or defeat of it for any matter. The language of section 8 is very broad, but we do not think it can be held to apply in favor of a plaintiff who abandons his action for no other cause than his own will or choice. The words " abated," " avoided," " defeated " point to some cause or condition external to the plaintiff, operating adversely to him; they are not such words as would naturally be used to designate a voluntary abandonment. The defeat of the plaintiff's former action was caused by its dismissal for his noncompliance with the order for surety, but such dismissal, under our practice, is the usual consequence of such noncompliance, unless the plaintiff shows his inability to comply, and that he has a probable cause of action; and we are, therefore, of opinion that if a plaintiff, having been ordered to furnish surety, fails to do so either from choice or from wilful neglect to use proper effort, his failure is to be deemed a voluntary default, and that, after dismissal in such case, section 8 will not apply in his favor. The defendant's contention, if we understand it aright, is, that it must be assumed

conclusively that the failure was voluntary. We do not see that this is so. The same cause which led the defendant to procure the order for surety, *i. e.* the plaintiff's poverty, might make it impossible for the plaintiff to comply with it, so that the failure may have been entirely involuntary and without fault on his part. In this view the important question, it seems to us, is, whether it was for the plaintiff to set up in his replication that his failure was owing to his inability to do so, without any neglect as aforesaid on his part, or for the defendant to set up the contrary thereof by way of rejoinder. The question is one of first impression ; we know of no case which is in point ; but upon the whole, it seems to us that it is for the plaintiff to show that his failure was owing to his inability, rather than for the defendant to show the contrary. It will certainly be easier for the plaintiff to prove this, if it be a fact, than for the defendant to disprove it. Indeed, it might be impracticable for the defendant to disprove it.

The demurrer is to the rejoinder, but it reaches back to the first fault. The first fault is in the replication. Both replication and rejoinder will therefore be overruled, the demurrer being sustained.

*Walter H. Barney & Thomas H. Crowley*, for plaintiff.

*Arnold Green*, for defendant.