*Clarence N. Woolley, Walter J. Hennessey,* for petitioner.

*William C. H. Brand,* for respondent.

*Sayles Gorham,* for remonstrants.

LOUISE GIARRUSSO *vs.* BROWN & SHARPE MANUFACTURING COMPANY.

DECEMBER 6, 1946.

PRESENT:  Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

230

CONDON, J. This is an action of trespass on the case for negligence in the operation of an automobile belonging to the defendant. On defendant's motion the superior court entered judgment for the defendant on the pleadings. Plaintiff has brought the case here on her exceptions to that ruling and to a ruling of the superior court denying her motion to strike out defendant's special pleas.

Plaintiff commenced her action by writ dated February 12, 1945, and alleged in her declaration that she was injured on February 9, 1942, as a result of the negligent operation of defendant's automobile by its servants and agents. She also alleged therein that she had been nonsuited in "a similar case based on identical facts", docketed and numbered in the superior court No. 106440, in which judgment was entered on February 15, 1944, as of February 8, 1944.

Defendant pleaded the general issue and two special pleas. In its first special plea it alleged that in the original action

plaintiff was duly declared nonsuit on February 8, 1944; that thereafter on February 15, 1944, judgment thereon was formally entered as of February 8, 1944; that more than one year had elapsed between the time of said judgment and the commencement of this action; and that plaintiff, therefore, ought not to maintain her action. In its second special plea defendant alleged that the cause of action stated in plaintiff's declaration in this pending action did not accrue at any time within two years next before it was commenced and that, therefore, plaintiff ought not to maintain her action.

Plaintiff neither demurred to nor joined issue on such pleas. Instead she moved that they "be stricken from the record on the ground that said first and second special pleas set forth no matters of defense." Defendant filed objection to that motion and also filed a motion for judgment in its favor on the pleadings. The parties then proceeded to a hearing on those motions, after which the superior court denied plaintiff's motion to strike out the special pleas and granted the defendant's motion for judgment.

In this court defendant's counsel questioned the propriety of a motion to strike out a plea on the ground advanced by the plaintiff. He suggested that, if entertained on that ground, the motion should be treated as a demurrer. Whether the superior court so considered it and denied it on its merits or deemed it an unwarranted innovation in common-law pleading, we are not informed. In any event we are of the opinion that his denial of such motion was correct.

While the use of a motion to strike out a plea has been expressly approved in *Crafts* v. *Sweeney,* 18 R. I. 730, it should be used only for the purpose of striking out unnecessary or frivolous pleas in order to prevent the real issue of the case from becoming obscured under a mass of confusing and irrelevant matter. When thus used, this court has said that such motion takes the place of a formal demurrer. *Slocomb* v. *Powers,* 10 R. I. 255. And in *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R. I. 175, 180, we acknowledged that, at common law, sham issues and pleas could, on motion, be stricken out.

But it does not appear that this court has at any time authorized or approved the use of such a motion as a substitute for or the appropriate equivalent of a demurrer to test the legal sufficiency of a plea. On the contrary, we think that the view of this court has been substantially that expressed by Mr. Justice Miller in *Bates* v. *Clark,* 95 U. S. 204, 206. Speaking of the growing use in territorial courts of a motion to strike out for the purpose of testing a plea which raised an issue of law, he said: "It is an unscientific and unprofessional mode of raising and deciding a pure issue of law. This should always be done, when it can, by a demurrer, which is the recognized and appropriate mode in the common law . . . . A motion to strike out a plea is properly made when it has been filed irregularly, is not sworn to, if that is required, or wants signature of counsel, or any defect of that character; but if a real and important issue of law is to be made, that issue should be raised by demurrer."

Plaintiff's motion in the present case was, therefore, improper. In effect it was sought thereby to raise a pure question of law, namely, whether the facts alleged in the special pleas barred the maintenance by the plaintiff of a second action. However, since the trial justice had before him for determination defendant's motion for judgment on the pleadings, which raised the same question as plaintiff's motion to strike out defendant's special pleas, he evidently treated plaintiff's motion as equivalent to a demurrer and considered the issue of law which was thereby raised.

For the purpose of the review of those rulings we likewise may treat plaintiff's motion as equivalent to a demurrer, although we strongly disapprove departures from the customary and usual modes of common-law pleading. If that system of pleading is to be materially altered or supplanted by another in the courts of the state it must be done according to law and not by innovations indulged in by pleaders at the bar.

Treated as a demurrer which admitted the facts well pleaded in the special pleas, plaintiff's motion raised the

question whether §9, chapter 510, of the general laws of 1938, under which she claims the right to maintain her present action, requires that such action should have been brought within one year from the day on which she was declared nonsuit in her original action or within one year from the day on which judgment of nonsuit was actually entered by the superior court. Plaintiff contends that the time begins to run from the latter day. Defendant contends that by virtue of G. L. 1938, chap. 535, §1, a judgment by default may not be entered until seven days after decision but that when actually entered it shall date from the day when the verdict or decision was rendered. Therefore, it argues, that plaintiff's first action must be considered, for the purposes of chap. 510, §9, to have been abated or otherwise avoided or defeated on February 8, 1944, the day when she was declared nonsuited, and not on February 15, 1944, the day when judgment of nonsuit was entered.

We may say at the outset that, in our opinion, chap. 535, §1, is not applicable to this case. That section relates to cases in which a *defendant* either submits to decision or defaults, or where, in an answered case, either a decision or a verdict has been rendered. In the case at bar the *plaintiff* failed to prosecute her original action and was nonsuited. There was not, and there could not properly be in such circumstances, a decision or a verdict. And while §1 has been construed to require entry of a decision whether or not there has been a trial, *Gregson* v. *Superior Court,* 46 R. I. 362, that case did not involve a nonsuit of a plaintiff by default as in the case at bar, nor did any of the cases which the court cited in its opinion. In *Dorney* v. *Ives,* 36 R. I. 276, plaintiff submitted to a decision without trial and the court there quite properly held that this was equivalent to the entry of a decision against the plaintiff. But we have found no case where this court has held that the default of a plaintiff for failure to prosecute his action is equivalent to a decision. The *Gregson* case settled the practice to be followed only in proceeding to judgment against a defaulting *defendant,* but not against a defaulting *plaintiff.*

We are of the opinion that when a plaintiff is defaulted the proper entry to be made, upon motion of the defendant, is a judgment of nonsuit. There is no necessity in such a case for entry of a decision and waiting seven days after default before entering judgment. This is because there is no review of a default. In this respect a plaintiff who has been adjudged nonsuit by default is in the same predicament as a defendant who has been defaulted in an unanswered case.

At common law a nonsuit was a dismissal of the plaintiff's action without an adjudication other than the imposition of costs, and originally it was granted only where plaintiff made default. *Slocum* v. *New York Life Ins. Co.* 228 U. S. 364. In that case the court quoted the following texts: "Nonsuit is when a man brings a personal action, and doth not prosecute it with effect, or else upon the trial refuses to stand a verdict; then he becomes nonsuited, which is recorded by the court, and the defendant recovers his costs against him." 2 Lil. Reg. 230, 231, 1719 ed. Originally a compulsory nonsuit of a plaintiff could not be entered. 2 Tidd Pr. 796, 1807 ed. As Chitty says: "A nonsuit must always be *voluntary, i. e.* by the plaintiff's counsel submitting to the same or not appearing, and in no case can it be adverse or without implied consent." 3 Chit. Pr. 910.

Now, however, in this state it can be compelled and a nonsuit may be either voluntary or compulsory. In the case at bar the plaintiff, under the common-law definition above quoted, voluntarily became nonsuit in her original action by failing to appear for trial. Defendant, therefore, as of course, and without any decision of the court, became entitled to have its costs assessed against the plaintiff.

However, it appears that in this case judgment was not actually entered on the day of plaintiff's default, February 8, 1944, but seven days later, on February 15, 1944. If chap. 535, §1, applied it would be necessary for us to determine here whether, by virtue of the language of that section, the year limited for bringing a new action under chap. 510, §9, began to run from the day of default or from the day of

actual entry of judgment. However, we have held that §1 does not apply and therefore we are not confronted with the necessity of construing that section here with reference to the precise point raised by plaintiff's motion.

The fact is that, having no regard to that section, we have here a case where the superior court has entered a *nunc pro tunc* judgment. Even though §1 did not apply it had the power to order such entry. 15 R. C. L. 622, §63. The effect of such an entry upon the granting of relief under chap. 510, §9, cannot, however, be permitted to shorten the period of limitation prescribed therein. That statute is remedial and is to be construed liberally in order reasonably to effect the object of its enactment, which was to afford relief to a party plaintiff who, in certain described circumstances, has not had his day in court. For us to hold in the instant case that the plaintiff, in order to have a right to bring a second action, must do so within a year of February 8, 1944, the day of her default, rather than within a year of February 15, 1944, the day on which judgment was entered against her, would not be a liberal construction of that section. In an analogous situation respecting the running of the statutory period prescribed for review on appeal it has been held in other jurisdictions that the time begins to run from the day on which the *nunc pro tunc* judgment was entered. See note III to *Dept. of Banking* v. *Pink,* U. S. Sup. Ct., 87 L. ed. 261.

. If this were all there was to the problem raised by plaintiff's motion, we would be forced to agree with her contention that the bringing of her action was timely and to overrule the superior court. But there is something else to be considered here and that is whether or not the plaintiff has alleged sufficiently in her declaration a right to proceed under chap. 510, §9. Defendant does not claim that the plaintiff is not entitled to the benefit of that section, if she has brought her case in time. It states in its brief: "While there are certain cases of abatement to which the statute does not apply, the defendant concedes that this sort of abatement, namely, an involuntary non-suit in open court, is the kind of abate-

ment to which the statute is applicable." This concession on defendant's part that plaintiff's nonsuit was involuntary cannot serve to accord plaintiff a right to maintain a second action unless such nonsuit was in fact involuntary in accordance with the requirements of §9 as it has been construed by this court.

Since plaintiff's motion to strike out defendant's special pleas is treated here as a demurrer and therefore searches the record we may go back to the declaration to ascertain if plaintiff has brought herself within the requirements of §9. On the face of it by reference to case No. 106440 in the superior court she alleges not a compulsory or involuntary nonsuit but one that is deemed at common law a voluntary nonsuit, namely, failure on her part to appear. See authorities cited, *supra*. Her suit, therefore, appears from her declaration to have been abated, avoided or defeated by her own voluntary act.

In *Sullivan* v. *White,* 36 R. I. 488, at page 491, this court said, in construing sec. 9, chap. 284, G. L. 1909, which is now §9, chap. 510, G. L. 1938: "The words 'abated', 'avoided' and 'defeated' as used in said section have been held by this court to refer to a defeat of the plaintiff's action for 'any cause or condition external to the plaintiff, operating adversely to him,' which does not amount to a determination of such action upon its merits." That formula had been applied by this court in *Robinson* v. *Merchants & Miners' Trans. Co.,* 16 R. I. 637. There, plaintiff was denied the benefit of §9 because his original action had been dismissed for his failure to comply with an order to furnish surety for costs. In that case the court expressly stated it was of the opinion, "that if a plaintiff, having been ordered to furnish surety, fails to do so either from choice or from wilful neglect to use proper effort, his failure is to be deemed a voluntary default". In essence there is no difference between the nature of the plaintiff's default in that case and the plaintiff's default in the case at bar. The instant plaintiff's failure to prosecute her original action was tanta-

mount to a voluntary nonsuit and she is, therefore, not entitled to the benefit of chap. 510, §9, upon which her right to maintain her present action depends.

For the reasons above stated the superior court's rulings denying plaintiff's motion to strike out and granting defendant's motion for judgment on the pleadings were correct.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Benjamin Cianciarulo, Aram A. Arabian,* for plaintiff.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for defendant.