Domenic A. MOSCA, Jr.

v.

Arthur J. COURNOYER.

No. 78–265–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1981.

David F. Reilly, North Kingstown, for plaintiff.

Oster, Groff & Prescott, George M. Prescott, Lincoln, for defendant.

## OPINION

WEISBERGER, Justice.

This action was commenced in the the Fifth Division of the District Court on July 29, 1977. The plaintiff sought to recover the balance due on a promissory note. The return of service indicated that the defendant was served on August 3, 1977. The defendant failed to file an answer to the complaint or to enter an appearance. Consequently, judgment by default was entered on October 5, 1977. On November 4, 1977, the defendant appeared *pro se* and sought to "vacate execution." The petition to vacate was denied on November 22, 1977, and the defendant appealed to the Superior Court.

Thereafter, the case was heard in the Superior Court on plaintiff's motion for summary judgment. The motion for summary judgment was granted. No ruling was made on the petition to set aside the default judgment. The defendant appealed to this court, and the case was remanded to the Superior Court for a hearing on the question of the removal of the default judgment.

Upon remand to the Superior Court, the case was assigned to the jury-trial calendar in order to determine certain questions of fact raised by defendant in his motion to vacate the default judgment. The first question was whether defendant had been actually served as indicated in the return of service. The second question was whether plaintiff had filed a deliberately false affidavit in support of his application for entry of a judgment by default. The trial justice submitted both questions to the jury by way of special interrogatories. The jury found that defendant had been served with a copy of the summons and complaint on August 3, 1977, and further found that plaintiff had not filed a deliberately false

affidavit. The trial justice also determined as a mixed question of law and fact that the judgment was properly entered by the Fifth Division of the District Court on October 5, 1977. From this determination defendant appeals. We affirm.

·On appeal defendant raises two issues that will be addressed in the order in which they appear in defendant's brief.

First, defendant asserts that judgment was never entered against him in the District Court. This issue was raised in the Superior Court, and the trial justice found that the judgment was entered in accordance with Rule 58(a) of the District Court Rules of Civil Procedure. The trial justice stated:

"It is a separate document. It is entered, signed by the clerk as required by Rule 58(a), and as I view it, it's proper * * *."

An examination of the record indicates that the judgment was specifically entered and was denominated "Entry of Judgment" in the sum of $2,195, together with interest in the sum of $327.59, making a total sum of $2,522.59. This judgment was entered on October 5, 1977. This document also contained an affidavit relating to military service and offering proof of plaintiff's claim.

Because the judgment contained these additional matters, defendant argues that it is not set forth on a separate document and that, therefore, no effective judgment has been entered. He cites in support of this proposition *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). In that case the Supreme Court held that a civil docket entry following a jury verdict did not constitute a judgment. In the course of its opinion the Court observed:

"Rule 58 was substantially amended in 1963 to remove uncertainties as to when a judgment is entered and to expedite the entry of judgment by limiting the number of situations in which the court need rely on counsel for the prevailing party to prepare a form of judgment. The first

sentence of the rule describes 'simple' judgments, providing for recovery of only a sum certain, of costs, or of nothing. These clause (1) judgments are to be prepared, signed, and entered by the clerk without direction by the court. Clause (2) of that sentence deals with the more 'complex' forms of judgment, which are to be entered by the clerk after the court approves the form of the judgment. The rule then continues that '[e]very judgment shall be set forth on a separate document,' and further states that '[a] judgment is effective only when so set forth * * *.'" *Id.* at 219–20, 93 S.Ct. at 1564, 36 L.Ed.2d at 206.

The Court went on to state that prior to 1963, when Rule 58 was amended, there was considerable uncertainty over what actions of the trial court would constitute an entry of judgment, and occasional grief to litigants resulted from this uncertainty. The court determined that the docket entry following the jury's verdict, which simply reflected the liability of the parties without specifying an amount due, did not meet the requirements of the rule.

■ In the case at bar, there could be no uncertainty in regard to the entry of judgment in a specific amount. It is undisputed by the parties that the form of judgment used was that prescribed and issued by the District Court itself. Therefore, the trial justice's finding that this entry of judgment was substantially in accordance with Rule 58(a) was a reasonable conclusion supported by the record.

■ We are of the opinion that the District Court should follow Rule 58(a) more literally in the future and that a judgment should be set forth on a separate document without the inclusion of other materials such as affidavits, opinions, or findings thereon.[1] However, to penalize this plaintiff under the circumstances of this case for an inconsequential procedural deviation would be unconscionable. This is particularly true in light of the fact that defendant

---

1. *See State National Bank of El Paso v. United States*, 488 F.2d 890 (5th Cir. 1974); 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2785 (1973).

prosecuted a timely appeal to the Superior Court and in further light of the fact that this appeal was determined on its merits.

Second, the defendant asserts that the plaintiff filed a false affidavit about the amount due and owing upon the promissory note. It was agreed at oral argument that the plaintiff had been mistaken in setting forth the amount due and that the proper sum due and owing at the time of the default judgment was $2,120 rather than $2,195 as set forth in the affidavit. In the course of the hearing in the Superior Court on this issue, both the plaintiff and his counsel admitted that there had been a mistake in arithmetic in crediting certain payments that had been made by the defendant. There seems no dispute that the amount due and owing should have been $2,120. After being made aware of this mistake, the jury specifically found that there had been no deliberate falsification or fraud in the affidavit. The defendant asserts no basis for determining that the jury was wrong in this finding. Our review of the record indicates that there was ample evidence to support such a finding.

For the reasons given, the defendant's appeal is denied and dismissed, the order of the Superior Court denying the defendant's motion to vacate the default judgment is hereby affirmed. The papers in the case are ordered to be remanded to the District Court with directions to enter judgment in favor of the plaintiff in the sum of $2,120 together with interest at 9 percent per annum[2] to the date of the new entry of judgment, as well as costs. It is further ordered that said judgment be set forth on a separate document in accordance with the provisions of District Court Rule 58(a).

---

2. The rate of interest is set forth in the promissory note.