Heather MACIEL et al.

v.

Scott DAVEY et al.

No. 2012–222–APPEAL.

Supreme Court of Rhode Island.

Oct. 17, 2013.

Heather Maciel, Pro Se.

Mark P. Dolan, Providence, for Defendant.

SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

### ORDER

This case came before the Supreme Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. The plaintiffs appeal from a Superior Court order granting summary judgment for the defendant Peter Caproni. This appeal is not properly before the Court, however, because the order is interlocutory. In this case, the order granted summary judgment only as to one defendant. Although that defendant requested the entry of final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, the hearing justice denied that request. Thus, no final judgment was entered.

An appeal from an order that grants a motion for summary judgment is considered interlocutory and not final for purposes of appeal. *Furtado v. Laferriere,* 839 A.2d 533, 536 (R.I.2004). "This Court may hear an appeal from an interlocutory order if public policy considerations warrant or if immediate action is necessary in order to avoid imminent and irreparable harm." Id. (citing *Westinghouse Broadcasting Co. v. Dial Media, Inc.,* 122 R.I. 571, 410 A.2d 986, 989 (1980)). In addition, under G.L.1956 § 9–24–7, an interlocutory order may be considered final for purposes of appeal after a hearing when an injunction is granted or continued, or a receiver is appointed, or a sale of real or personal property is ordered, or a new trial is ordered or denied after a trial by jury. *Furtado,* 839 A.2d at 989. The order in this case does not fall under any of these common law or statutory exceptions to the rule against appealing interlocutory orders. In the absence of a final judgment entered pursuant to Rule 54(b), the order in this case is not appealable.

Accordingly, the plaintiffs' appeal is denied and dismissed.